E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0995-GHK (FFMx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | *Jonathan Lopez, et al. v. Kelly G. Candaele, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re: Defendants' Motion for Reconsideration of Ruling on Preliminary Injunction [52]**

This matter is before the Court on Defendants Kelly G. Candaele, Mona Field, Georgia L. Mercer, Nancy Pearlman, Angela J. Reddock, Miguel Santiago, Sylvia Scott-Hayes, Gene Little, Jamillah Moore, Allison Jones, and Cristy Passman's (collectively "Defendants"[1]) Motion for Reconsideration of Ruling on Preliminary Injunction ("Motion").

## I.  Appropriateness of the Motion

Under Local Rule 7-18, a motion for reconsideration may be brought only on the grounds of:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Here, Defendants cannot satisfy any of the above grounds.  The Motion does not raise any changed law or facts.  Rather, the Motion brings new arguments previously available though not raised, and rehashes previous arguments using additional authority.  Defendants do not get a mulligan simply because they chose to retain new counsel.

---

[1] The Motion names Nancy Santiago rather than Miguel Santiago, and omits Angela J. Reddock. (Motion 2:2–7).  We assume this was done in error.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0995-GHK (FFMx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | *Jonathan Lopez, et al. v. Kelly G. Candaele, et al.* | | |

Accordingly, we would be justified in denying the Motion on this basis alone. Nevertheless, we exercise our discretion to entertain the merits.

## II.    Merits of the Motion

Defendants raise three arguments through this Motion: (1) the language enjoined by our Order has been legislatively and judicially approved; (2) the language is not overbroad; and (3) we relied too much on *DeJohn v. Temple Univ.*, 537 F.3d 301 (3d Cir. 2008) in our previous ruling.

### A.    Legislative and Judicial Approval

Defendants point out that the language we enjoined has been used by the Equal Employment Opportunity Commission. We are amused that Defendants believe their Motion draws this to our attention for the first time, since this fact appears in many of the relevant cases, including *DeJohn*, 537 F.3d at 320 n.21, upon which Defendants believe we "relied too much." (Motion 11). The language also appears in 29 C.F.R. § 1604.11(a) and California Education Code § 212.5. Defendants cite no authority for the dubious proposition that an otherwise unconstitutional policy at a public college becomes constitutional merely because similar language appears in other statutes and regulations.

Defendants next assert that the language has been judicially approved many times. However, Defendants' cases are easily distinguishable. Most are Title VII employment cases: *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986); *Ellison v. Brady*, 924 F.2d 872 (9th Cir. 1991); *Jordan v. Clark*, 847 F.2d 1368 (9th Cir. 1988); *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590 (1989). In the employment context, even a government employer may restrict speech that may affect its operations. *See, e.g., Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006) ("A government entity has broader discretion to restrict speech when it acts in its employer role, but the restrictions it imposes must be directed at speech that has some potential to affect its operations."). By contrast, college students possess broader First Amendment rights. As we stated in our Order:

> Supreme Court precedents "leave no room for the view that, because of the acknowledged need for order, First Amendment protections should apply with less force on college campuses than in the community at large. Quite to the contrary, the vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools." *Healy v. James*, 408 U.S. 169, 180 (1972) (internal quotation marks omitted).

(Docket # 49 at 3). That regulations that might be permissible in the employment context does not necessarily dictate a like result in the college setting.

Moreover, none of Defendants' cases listed above involves a constitutional challenge to the relevant language, and most do not mention the First Amendment. The only case that mentions the First Amendment does so in an entirely inapposite way. *See Venters*, 123 F.3d at 961 ("Venters sued the city

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0995-GHK (FFMx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | *Jonathan Lopez, et al. v. Kelly G. Candaele, et al.* | | |

and its Police Chief Larry Ives on the grounds that the discharge violated her rights to freedom of speech, religion, and association under the First Amendment . . . .").

Thus, Defendants' authorities do not support their position.

Defendants also offer several school cases, but again none of these cases conflicts with our Order. Defendants cite *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60 (1992), and *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998), for the proposition that sexual harassment may be actionable in a school under Title IX. They also cite *Oona by Kate S. v. McCaffrey*, 143 F.3d 473 (9th Cir. 1998), for the proposition that school officials have a duty to remedy known sexual harassment similar to the duty of an employer. These propositions are as uncontroversial as they are inapposite here. The question is not whether sexual harassment can be prohibited. Nor is the question whether school officials have a duty to remedy known sexual harassment. Rather, the question presented in our case is whether Defendants' selected policy to combat sexual harassment is constitutional. Tellingly, neither *Franklin* nor *Gebser* discusses the contested language and all three of these cases do not involve a constitutional challenge or the First Amendment.

Defendants offer three cases that applied the contested language: *Hayut v. State Univ. of N.Y.*, 352 F.3d 733 (2d Cir. 2003); *Granowitz v. Redlands Unified Sch. Dist.*, 105 Cal. App. 4th 349 (2003); and *Patricia H. v. Berkeley Unified Sch. Dist.*, 830 F. Supp. 1288, 1290 (N.D. Cal. 1993). However, none of these cases involves a constitutional challenge to the language. Moreover, *Hayut* is the only one of these cases to discuss the First Amendment, and its statements, though dicta, tend to support Plaintiff:

> Professor Young articulates no defenses for his conduct and, specifically, has never expressly asserted that the comments complemented his classroom curriculum or had any other legitimate pedagogical purpose that might merit the kind of First Amendment protection that has long been recognized in the academic arena. *See, e.g., Keyishian v. Board of Regents*, 385 U.S. 589, 603, 17 L. Ed. 2d 629, 87 S. Ct. 675 (1967) ("[Academic] freedom is . . . a special concern of the First Amendment, which does not tolerate laws that cast a pall of orthodoxy over the classroom."); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506, 21 L. Ed. 2d 731, 89 S. Ct. 733 (1969) ("It can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate."). We, therefore, express no view on (a) whether such a defense could have been, or could still be, made, or (b) if made, whether this claim would entail issues of fact or law.

352 F.3d at 745. Thus, Defendants have not offered any school cases that conflict with our Order. Moreover, the only case from the Ninth Circuit to address a constitutional challenge to the contested language in a college setting, *Cohen v. San Bernardino Valley College*, 92 F.3d 968 (9th Cir. 1996), found the language unconstitutional, though that holding was as-applied and on vagueness grounds.

Therefore, contrary to Defendants' assertion, none of their cases stands for the proposition that the contested language has been judicially approved in the context of the issues we faced and decided in our Order.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0995-GHK (FFMx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | *Jonathan Lopez, et al. v. Kelly G. Candaele, et al.* | | |

    **B.**    **Overbreadth**

    Defendants argue that in *Freitag v. Ayers*, 468 F.3d 528, 542 (9th Cir. 2006), the court adopted the plaintiff's statement that 29 C.F.R. 1604.11 is "clear language." *Freitag* is not helpful to Defendants. The court's statement was made in response to the defendants' argument that they could not be liable for retaliation because an employer cannot engage in retaliation if the employer does not know the employee is opposing a violation of Title VII. *Id.* The court stated that the defendants' inability to understand Title VII, particularly in light of the clear language of 29 C.F.R. 1604.11, did not allow the defendants to retaliate against the plaintiff. Thus, *Freitag* did not involve a challenge to the language. Moreover, we enjoined the Policy for overbreadth—not for vagueness—and *Freitag*'s statement that the language is "clear" does not undermine the basis for our Order. Even if we were considering vagueness, the Ninth Circuit has found the language unconstitutionally vague in the school context. *See Cohen*, 92 F.3d at 972 (involving an as-applied challenge).

    Defendants state, "In *Granowitz v. Redlands Unified School Dist.*, [105 Cal. App. 4th 349 (2003)], the California Court of Appeal had no difficulty applying the language of Education Code Section 212.5 to physical and verbal harassment by a student to another student, and finding that it survived a challenge under the due process clause." (Motion 7–8). Defendants grossly mischaracterize *Granowitz*. The due process challenge was directed at whether the plaintiff received a sufficient hearing before his suspension was imposed, not at the constitutionality of the Education Code. *See Granowitz*, 105 Cal. App. 4th at 354 ("we emphasize that we are deciding only whether plaintiff was suspended in accordance with the limited requirements of due process under the circumstances of this case").

    Defendants further argue that the language of the Policy does not prohibit protected speech, as it regulates only "conduct having a discernible effect," and does not target expression "on the basis of content." (Motion 9-10). Defendants are wrong in at least two respects. First, this assertion is belied by the language of the Policy, which specifically reaches verbal as well as visual or physical conduct. (Comp., Ex. 7 at 41). Moreover, verbal "conduct" constituting sexual harassment is explained on the Los Angeles City College's own website to include "generalized sexist statements, . . . insulting remarks; intrusive comments about physical appearance; . . . [or] humor about sex." (*Id.*, Ex. 11 at 150-51). Thus, the Policy undeniably targets the content of expression. Second, the Policy unmistakably regulates more than simply "conduct having a discernible effect." It proscribes speech that is merely uttered with the *purpose* of having a negative impact, notwithstanding the lack of any actual effect, on the listener. Even if speech has a negative effect on or is otherwise offensive to the listener, that in and of itself is insufficient to justify its prohibition. "Surely the State has no right to cleanse public debate to the point where it is grammatically palatable to the most squeamish among us." *Cohen v. California*, 403 U.S. 15, 25 (1971). Thus, the First Amendment affords protection to "verbal tumult, discord, and even offensive utterance"; "so long as the means are peaceful, the communication need not meet standards of acceptability." *Id.* (quoting *Org. for a Better Austin v. Keefe*, 402 U.S. 415 (1971)).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0995-GHK (FFMx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | *Jonathan Lopez, et al. v. Kelly G. Candaele, et al.* | | |

      Defendants quote the Supreme Court's statement in *R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992), that "since words can in some circumstances violate laws directed not against speech but against conduct (a law against treason, for example, is violated by telling the enemy the Nation's defense secrets), a particular content-based subcategory of a proscribable class of speech can be swept up incidently within the reach of a statute directed at conduct rather than speech." *Id*. at 389 (citing *Barnes v. Glen Theatre*, 501 U.S. 560, 571 (1991)).  This reliance on *R.A.V.* misconstrues the context and meaning of the Court's discussion and mistakes its relevance to this case.  In context, the Court was attempting to distinguish between instances where content-based regulation of a subcategory of otherwise proscribable speech is unconstitutional (as in the St. Paul ordinance at issue) from those where "a particular content-based subcategory of a proscribable class of speech can be swept up incidently within the reach of a statute directed at conduct rather than speech." *Id*. at 389.  The issue before us is whether the Policy, in including expression within the scope of its regulation, unduly reaches a substantial amount of otherwise protected speech.  It is no response to assert that a law may regulate a content-based subclass of unprotected speech that is swept up incidentally within the reach of a law targeting conduct rather than speech.  Indeed, the Court went on to observe that "[w]here the government does not target conduct on the basis of its expressive content, acts are not shielded from regulation merely because they express a discriminatory idea or philosophy." *Id*. at 390.  Here, the Policy is undeniably aimed at the content of the expression by prohibiting speech involving certain content, *i.e.*, sexist comments, insulting remarks or intrusive comments about one's gender.  (*See* Compl., Ex. 11 at 150-51).

      Defendants also cite the Court's comment that "sexually derogatory 'fighting words,' among other words, may produce a violation of Title VII's general prohibition against sexual discrimination in employment practices, 42 U.S.C. § 2000e-2; 29 CFR § 1604.11 (1991)." *R.A.V.*, 505 U.S. at 389.  They argue that "[t]he [*R.A.V.*] Court singled out a time-tested definition of sexual harassment as an example of a valid proscription of 'sexually derogatory fighting words.'" (Motion 10).  If this argument means that fighting words can be within the cited CFR definition of sexual harassment, it is both correct and irrelevant.  Our conclusion is not that the Policy has no valid application.  Rather we held that it was unconstitutionally overbroad by sweeping within its reach a substantial amount of protected speech.  If, on the other hand, Defendants mean that all speech that offends this definition is necessarily proscribable as sexually derogatory fighting words, then we reject this argument as an unwarranted and unconstitutional enlargement of what constitutes fighting words.[2]

      Finally, Defendants argue that rather than enjoining the Policy, we should have narrowed it.  However, as in the original briefing, Defendants are unable to offer any useful suggestions for narrowing.  The Motion does not make any suggestions, other than to read the language in the context of the remainder of the Policy.  (Motion 11).  We considered the Policy as a whole before enjoining the

---

      [2] We also do not view the Court's passing citation to 29 CFR § 1604.11 as its endorsement of this regulation in every context and instance, especially where the Court had no occasion to determine whether that regulation passes constitutional muster in the context of speech in a public area on a public college campus.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0995-GHK (FFMx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | *Jonathan Lopez, et al. v. Kelly G. Candaele, et al.* | | |

language. (Docket # 49 at 8). The Reply asks us to "exclude from [the Policy's] scope communications that are protected speech. Indeed, the Court's own language could potentially serve as a starting point: the Policy might be construed not to apply to student discussions of 'religion, homosexual relations and marriage, sexual morality and freedom, polygamy, or . . . gender politics and policies,' among other things." (Reply 11 (ellipsis in original)). We do not see how we could do so without impermissibly rewriting the Policy. *See Tucker v. California Dep't of Educ.*, 97 F.3d 1204, 1217 (9th Cir. 1996).

Thus, we again reject Defendants' argument that the Policy is not overbroad.

### 3. *DeJohn*

Defendants argue that we relied too heavily on *DeJohn* for three reasons. First, Defendants point out that the language of the policy at issue in *DeJohn* and the instant Policy are slightly different. We were aware of those differences when we issued our Order, and we concluded that those differences did not warrant a different result. (Docket # 49 at 6 n.4).

Second, Defendants argue that *DeJohn* is inconsistent with Ninth Circuit opinions. Defendants argue that because the Ninth Circuit concluded in *Cohen*, 92 F.3d 968, that similar language was unconstitutional as applied, the court was signaling that the language is not facially unconstitutional. (Motion 8–9, 13). Although *Cohen* briefly mentions overbreadth, it was decided on vagueness grounds. 92 F.3d at 972. Thus, *Cohen* does not directly address the instant situation. More importantly, we do not believe that *Cohen* sent a signal that the disputed language is not facially overbroad. Defendants also argue that the Ninth Circuit has upheld "*Hazelwood*-type regulation[s]" on student speech, and thus the Ninth Circuit likely would not find the Policy unconstitutional. (Motion 13–14). As we stated in our Order, *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988) is inapplicable here. (Docket # 49 at 5 n.3). Thus, the Ninth Circuit authority provided by Defendants is not inconsistent with *DeJohn*.

Finally, Defendants criticize *DeJohn* as a singular case and not well reasoned. (Motion 14). We think that *DeJohn* is well reasoned. Moreover, Defendants are unable to cite any case where a similar policy survived a constitutional challenge in a college setting so that it might arguably be said to conflict with *DeJohn*. To the contrary, the Third Circuit has rejected a substantially similar policy even in an elementary and high school setting. *Saxe v. State College Area Sch. Dist.*, 240 F.3d 200, 216–17 (3d Cir. 2001). Thus, Defendants' scattershot and disjointed arguments do not defeat the reasoning of *DeJohn*.

### III. Conclusion

Defendants have shown no valid reason for disturbing our previous Order. Accordingly, Defendants' Motion for Reconsideration is **DENIED**.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0995-GHK (FFMx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | *Jonathan Lopez, et al. v. Kelly G. Candaele, et al.* | | |

**IT IS SO ORDERED.**

                                                                                        -- : --

Initials of Deputy Clerk       Bea