

DAVID J. HACKER, CA Bar No. 249272, IL Bar No. 6283022
dhacker@telladf.org
HEATHER GEBELIN HACKER, CA Bar No. 249273, AZ Bar No. 024167
hghacker@telladf.org
ALLIANCE DEFENSE FUND
101 Parkshore Dr., Suite 100, Folsom, CA 95630
(916) 932-2850; (916) 932-2851 Fax

BENJAMIN W. BULL, AZ Bar No. 009940*
bbull@telladf.org
ALLIANCE DEFENSE FUND
15100 N. 90th St., Scottsdale, AZ 85260
(480) 444-0020; (480) 444-0028 Fax

DAVID A. FRENCH, TN Bar No. 16692, KY Bar No. 86986*
dfrench@telladf.org
ALLIANCE DEFENSE FUND
12 Public Square, Columbia, TN 38401
(931) 490-0591; (931) 490-7989 Fax

SAM KIM, CA Bar No. 212964
samkim@sklaw.org
MICHAEL L. PARKER, CA Bar No. 138253
michaelparker@sklaw.org
SAM KIM AND ASSOCIATES, P.C.
5661 Beach Blvd., Buena Park, CA 90621
(714) 736-5501; (714) 736-9901 Fax

*Attorneys for Plaintiff Jonathan Lopez*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JONATHAN LOPEZ**,<br>    Plaintiff,<br>vs.<br>**KELLY G. CANDAELE**, et al.,<br>    Defendants. | Case No. CV09-0995 GHK FFMx<br><br>**REQUEST FOR PUBLICATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING** |

*Admitted pro hac vice

|   | **DEFENDANTS' MOTION FOR RECONSIDERATION** |
|---|---|

*Admitted pro hac vice

Plaintiff Jonathan Lopez, by and through counsel, hereby respectfully requests that the Court publish its July 10, 2009 Order Granting Plaintiff's Motion for Preliminary Injunction ("PI Order") and its September 16, 2009 Order Denying Defendants' Motion for Reconsideration ("MRC Order"). Mr. Lopez believes publication is warranted for four reasons.

First, the Court's PI Order and MRC Order hold that public colleges and universities may not enforce overbroad sexual harassment policies against students. Counsel is unaware of any other published decision in the Ninth Circuit addressing a similar issue regarding college harassment policies, though the constitutionality of college harassment policies is frequently litigated. For example, students have challenged similar harassment policies in the Eastern District of Washington, the Eastern District of California, and the Northern District of California. *See Sheeran v. Shea, et al.*, No. 2:09-CV-00069-EFS (E.D. Wash. 2009); *Dozier v. Houle, et al.*, No. 2:08-CV-2298 (E.D. Cal. 2008); *College Republicans at San Francisco State Univ. v. Reed, et al.*, No. C-07-3542-WDB (N.D. Cal. 2007). But none of these cases resulted in a published decision on the constitutionality of the harassment policies. California's public colleges, and colleges throughout the Ninth Circuit, should be made aware of the Court's important ruling protecting student free speech rights. Publishing the PI Order and MRC Order in this case will assist university officials in drafting student harassment policies and may help to prevent recurring litigation on this issue in the future.

Second, the PI Order discusses the justiciability of facially overbroad student harassment policies at public colleges. Although this Court has issued decisions in the past analyzing a student's standing to challenge facially unconstitutional college policies, *see Khademi v. S. Orange County Cmty. Coll. Dist.*, 194 F. Supp. 2d 1011 (C.D. Cal. 2002); *Burbridge v. Sampson*, 74 F. Supp. 2d 940 (C.D. Cal. 1999), neither addressed standing, ripeness, and mootness in

the same opinion. Publication of the Court's orders would bring further clarity to the issue of whether and when college students may facially challenge unconstitutional policies.

Third, the PI Order and MRC Order also discuss the "well reasoned" opinion in *DeJohn v. Temple University*, 537 F.3d 301 (3d Cir. 2008). As noted in the briefing to this Court, *DeJohn* has generated some discussion in the legal academy; both practitioners and academics would benefit from the insight this Court's holdings bring to those discussions.

Fourth, the MRC Order informs public colleges that even though federal and state employment statutes require them to apply certain speech restrictive standards to their employees, those same standards do not apply to students, who are entitled to broad First Amendment protection. These statutes are often used by colleges and universities to create student speech policies that are unconstitutionally overbroad, which results in the recurring litigation described above. Public colleges throughout the Ninth Circuit would benefit from understanding this critical difference in the First Amendment rights of employees and students.

Plaintiff respectfully requests that the Court publish its PI Order and MRC Order.

Respectfully submitted this 23d day of September, 2009.

By: /s/David J. Hacker
    DAVID J. HACKER
    ALLIANCE DEFENSE FUND
    101 Parkshore Drive, Suite 100
    Folsom, CA 95630
    (916) 932-2850; (916) 932-2851 Fax
    *Attorney for Plaintiff*

# PROOF OF SERVICE

I, David J. Hacker, am over the age of 18 years and not a party to the within action. My business address is 101 Parkshore Drive, Suite 100; Folsom, California 95630.

On September 23, 2009, I electronically filed Plaintiff's Request for Publication of Order Granting Plaintiff's Motion for Preliminary Injunction and Order Denying Defendants' Motion for Reconsideration with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

David A. Urban, Esq.
durban@lcwlegal.com
*Attorney for Defendants Kelly G. Candaele, Mona Field, Georgia L. Mercer, Nancy Pearlman, Angela J. Reddock, Miguel Santiago, Sylvia Scott-Hayes, Gene Little, Jamillah Moore, Allison Jones, and Cristy Passman*

In addition, I served the foregoing document upon defendants' attorney not on the list to receive email notices for this case (who therefore requires manual noticing) by placing a true and correct copy of the document in a sealed envelope with postage thereon fully prepaid, in the United States mail at 1015 Riley Street; Folsom, California 95630 addressed as set forth below:

Mary L. Dowell, Esq.
Liebert Cassidy Whitmore
6033 W Century Blvd, Ste 500
Los Angeles, CA 90045
*Attorney for Defendants Kelly G. Candaele, Mona Field, Georgia L. Mercer, Nancy Pearlman, Angela J. Reddock, Miguel Santiago, Sylvia Scott-Hayes, Gene Little, Jamillah Moore, Allison Jones, and Cristy Passman*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 23, 2009 at Folsom, California.

/s/David J. Hacker
DAVID J. HACKER

3